## Redevelopment Authority v. Colortone Process Co.

*Lewis Kates,* for plaintiff.
*Peter A. Galante,* for defendant.

HIRSH, J., December 5, 1972.—This segment of a condemnation proceeding involves a business tenant of the condemned premises, and is before this court on the condemnor's petition for possession, which we granted, and the condemnee's petition for appointment of an independent appraiser, which we denied. Condemnee further sought to place these particular issues on the jury list, which may not be done for the reason that under the code a jury trial may be had only on the issue of value or damages on appeal from the decision of viewers: Act of June 22, 1964, Sp. Sess., P. L. 84, as amended, 26 PS §1-516-518. The issues raised here have never been triable to a jury, thus there is no constitutional right to a jury (Constitution of Pennsylvania, article I, sec. 6), nor may we presume that the Supreme Court of Pennsylvania has disposed otherwise in the absence of a specific ruling: Pennsylvania Rule of Civil Procedure 128(f). We, therefore, view condemnee's demand for jury trial, filed February 29, 1972, as of no effect.

With respect to appointment of an independent appraiser, it is clear that the enabling conditions set forth in the pertinent code provision, 26 PS §1-407(b), do not exist here. The docket, the petitions of both parties and the various answers thereto (there were no depositions taken) establish conclusively that: (1) There are no preliminary objections outstanding to the declaration of taking; (2) a board of view has been duly appointed; (3) condemnor's estimate of just compensation, $9,600, has been offered and, in fact, paid into court for the benefit of condemnee; (4) condemnee refuses to relinquish possession despite demand and tender of said compensation.

Condemnee, in his answer to petition for writ of possession, denies that an offer of "proper" estimate of just compensation has been made, that notice to vacate was given by the authority, or that the latter

has a need for the property. He further asserts in his petition for appointment of experts, that the authority acknowledged its offer was "erroneous."

When we view the condemnee's two sworn papers together, it is clear that he admits receiving the $9,600 offer, that he disputes its adequacy and that he is resisting the authority's efforts to obtain possession.

The condemnor having made its offer and, in fact, having paid it into court, has rendered section 1-407(b) inapplicable and an impartial expert may not be appointed by this court. There is no evidence before us to discount the bona fides and regularity of condemnor's offer. Nor may we stay condemnor's gaining of possession, for the same reasons and the explicit requirements of section 1-407(a) having been met, as noted above.

In conclusion, condemnee's arguments relative to valuation must be made in the statutorily-prescribed manner, by presentment to the viewers with right of appeal. His arguments regarding the necessity for possession are mere naked averments, denied by the authority's answer to "new matter" and it is questionable whether such averments, even if proved, could provide a basis for denying a condemnor's right of possession, in view of the aforementioned provisions of the code.

Therefore, it is hereby ordered and decreed that the petition to appoint independent experts to determine just compensation is denied; further ordered and decreed that the petition for writ of possession for premises 116-20 North Seventh Street, Eighth Floor, occupied by Colortone Process Co., Manufacturers of Offset Plates, be granted and the Sheriff of Philadelphia is to execute thereon on or after 10 days from the date hereof (June 28, 1972), without prejudice to the condemnee's having his damages duly determined.